# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0755
LT Case No. 2024-DP-000097
<mark>CORRECTED</mark>

_____

DEPARTMENT of CHILDREN and
FAMILIES and GUARDIAN ad LITEM,

    Appellants,

    v.

K.W., and D.G., PARENTS of A.W., A.G.,
and D.G., CHILDREN,

    Appellees.

_____

On appeal from the Circuit Court for Lake County. Jason J. Nimeth, Judge.

Rachel Batten, of Children's Legal Services, Department of Children and Families, Brooksville, for Appellant.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Amanda Victoria Glass, Senior Attorney, Appellate Division. Tallahassee, of Guardian ad Litem, for Guardian ad Litem Program.

Lawrence P. Cartelli, of Lawrence P. Cartelli, P.A., Tavares, <mark>for Appellee, K.W., Mother.</mark>

<mark>Richard F. Joyce, Special Assistant Regional Counsel, of the Office of Criminal Conflict and Civil Regional Counsel, Casselberry, for Appellee, D.G., Father.</mark>

WALLIS, J.

The Department of Children and Families ("DCF") and the Office of the Statewide Guardian ad Litem ("GAL") appeal the order denying DCF's petition to adjudicate the children of K.W. ("Mother") and D.G. ("Father") dependent. We affirm in part, reverse in part, and remand for further proceedings.

Mother has three children: A.W., A.G. and D.G. (collectively "the children"). Father is the biological Father of A.G. and D.G.[1] The children were sheltered after DCF was notified of an incident of domestic violence between Mother and Father.

DCF subsequently filed a Verified Petition for Dependency, alleging that the children were dependent because they had been abused, abandoned, or neglected, and they were at substantial risk of imminent abuse, abandonment, or neglect. Specifically, DCF alleged that Mother neglected the children, engaged in violent behavior that demonstrated a wanton disregard for the presence of the children and could reasonably result in serious injury to the children, and engaged in domestic violence. DCF further alleged that the children were dependent as to Father because he abandoned them, negligently failed to protect the children from inflicted physical, mental, or sexual injury caused by another, and engaged in domestic violence. As part of the allegations against Father, DCF claimed that Father allowed the children to see Mother, even though there was a no contact order in place which prohibited Mother from seeing the children due to criminal charges that had been filed against her.

After holding a hearing, the trial court entered an order denying the dependency petition, terminating shelter, and returning the children to the parents ("the Order"). The trial court specifically found that there was no evidence that Father had abandoned the children. It also found that there was no evidence

---

[1] The biological father of A.W. is not a party to this case.

of ongoing domestic violence that would support a finding of neglect. The trial court additionally found that, based on the testimony from the hearing, it could not find evidence that domestic violence had occurred.

"In a dependency proceeding, DCF must establish its allegations by 'a preponderance of the evidence.'" *In re M.F.*, 770 So. 2d 1189, 1192 (Fla. 2000). The trial court's final dependency ruling "is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record." *Id.*

On appeal, DCF and GAL argue that the trial court erred because: (1) it required DCF to prove dependency by meeting the definition of "domestic violence" in the criminal statutes, and that error was compounded when the trial court applied the beyond a reasonable doubt standard of proof; (2) the facts show that the children were dependent as to Mother and Father; and (3) it failed to make findings regarding Father and whether the children were dependent as to him.

We reject DCF's and GAL's first argument. Even though the trial court referred to the criminal statutes when considering the domestic violence issue, it relied on the appropriate definitions from chapter 39, Florida Statutes, when deciding this case and it applied the correct burden of proof.

We likewise reject DCF's and GAL's second argument. The trial court's findings regarding Mother are supported by competent, substantial evidence, and we will not reweigh that evidence. *See Dep't of Child. & Fams. v. S.S.L.*, 352 So. 3d 521, 524 (Fla. 5th DCA 2022) (explaining that in dependency cases appellate court employs highly deferential standard of review and will not reweigh evidence that the trial court heard). In addition, as the trial court found, there is no evidence that Father abandoned the children.

However, the trial court failed to make any findings related to the allegation that Father failed to protect the children from Mother and that he repeatedly violated the no contact order and allowed the children to see Mother. Given the lack of factual

findings on this issue, we cannot determine whether the trial court erred in finding that the children were not dependent as to Father. *See J.S. v. Fla. Dep't of Child. & Fams.*, 18 So. 3d 1170, 1178 (Fla. 1st DCA 2009) (reversing order terminating parents' rights where trial court made insufficient factual findings, which interfered with appellate court's ability to review order). We, therefore, reverse the order as to Father and remand for the trial court to make factual findings on the allegation that Father failed to protect the children pursuant to section 39.01(37)(j), Florida Statutes. In all other respects we affirm.

AFFIRMED in part; REVERSED in part; REMANDED.

MAKAR and MACIVER, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---